[No. 3262.]

## C. WALLEN AND OTHERS v. THE STATE.

1. Scire Facias.— Bail Bond, to be sufficient, must, as one essential, bind the obligors that the defendant will appear before the proper court or magistrate to answer the accusation against him. The indictment in this case was presented and pending in the district court of Frio county, and the bond was conditioned for his appearance before the district court of Kinney county. *Held,* that the bond was absolutely void, and cannot therefore be made the basis of a valid judgment either *nisi* or final. See the opinion *in extenso* on the question.

2. Same.— A bail bond is strictly a statutory bond, and to entitle the State to a forfeiture thereon, the bond must contain all of the requisites prescribed by statute. Hence, the principles of equity as applied to private contracts cannot be invoked in the construction of a bail bond.

Error from the District Court of Frio. Tried below before the Hon. D. P. Marr.

This writ of error was prosecuted from final judgment upon the forfeited appearance bond of C. Wallen, bailed under a charge of cattle-theft. The amount of the bond and the judgment was $500.

The opinion discloses the case.

*Price & Merriweather,* for the plaintiffs in error.

*J. H. Burts,* Assistant Attorney-General, for the State.

Hurt, Judge. This is a *scire facias* case. By indictment presented in the district court of Frio county, Wallen, the principal in the bail bond, was charged with the theft of cattle. He gave bond

in the sum of $500, with Piggott and Roach as his sureties. By the provisions of said bond Wallen was bound and held to appear before the district court of Kinney county, said court to be held at the town of Frio.

Appellants excepted to the sufficiency of the bond, because "the obligors thereto did not bind themselves that the principal should appear before the district court of Frio county, but before the district court of Kinney county." These exceptions to the bond were overruled by the court, and appellants excepted.

A bail bond, to be sufficient, must contain the following (second) requisite: "That the obligors thereto bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him." The proper court in this case was the district court of Frio county; because in this court the indictment containing "the accusation against him" had been presented and was in this court pending. The district court of Kinney county was not the proper court, because over this offense this court, to wit, the district court of Kinney county, had no jurisdiction whatever to try the accusation against the principal.

Again, to be sufficient, the bond must state not only the time and place when and where the principal binds himself to appear and the court before which he is to appear, but, in stating the place, it must specify the name of the court "and of the county." Now, most evidently, to name a county in which there is no accusation against the defendant pending would not be a compliance with this requisite. Unquestionably, therefore, the county to be named in the bond is that in which the indictment was presented, or the accusation is pending. This bond not containing the requisites required in article 288, Code of Criminal Procedure, is absolutely void, and cannot be made the basis of a judgment *nisi* nor a judgment final.

But it is contended that, as the parties thereto in fact understood and agreed that the principal should answer before the district court of Frio county, and that as Kinney county was inserted in the bond by a mutual mistake of all the parties thereto, that, upon proof of these facts being made, principles of equity would hold the sureties as well as the principal responsible for a failure of the principal to appear at Frio county district court.

A bail bond is strictly a statutory bond, and, in order to obtain a forfeiture thereon, the requisites of the statute must be complied with at least substantially, and, as the parties bind themselves, so should they be bound. But we have not been able, after a very thorough search, to find a case or an authority authorizing these

equitable principles to be applied to bonds in criminal cases. Again, we doubt their application sought to be made in this case to any written contract whatever.

To hold the parties in this bond responsible, it is insisted that there was a mutual mistake; that in fact all parties intended that the principal should appear before the district court of Frio county, not Kinney county. This may be the case in fact. The State contends that, applying equitable principles to this mistake, the parties should be held to answer for the failure of the principal to appear before the district court of Frio county. Now, it is very evident to us that no rule of equity will make a contract for the parties, and proceed to enforce it. Equity may relieve from apparent contracts, but it will not make contracts.

Mr. Pomeroy, in his Equity Jurisprudence, very properly remarks that "all the *possible* modes in which the remedial jurisdiction occasioned by mistake can be exercised are the following:

"1st. Negatively, as a ground of defense, either in actions at law, or in suits in equity to defeat an enforcement of and recovery upon either legal or equitable rights of action.

"2d. Affirmatively, as a ground for rescinding a transaction, and restoring the mistaken party to his original position by means of an appropriate legal action, and a recovery therein of money or property.

"3d. Affirmatively, as a ground for the equitable relief of rescinding a transaction, or canceling an agreement or other written instrument.

"4th. Affirmatively, as a ground for the equitable relief of reforming or re-executing a written instrument." (Pomeroy's Equity Jurisprudence, section 838.)

Conceding, therefore, this to be a contract between individuals, and that a consideration had passed from the obligee to the obligor, the contract before enforcement should first be reformed or re-executed, etc. But we are clearly of the opinion that these rules have no application to statutory bail bonds.

We are of opinion that the bond in this case is a nullity, and being the foundation of this suit no judgment either *nisi* or final can be entered upon the same.

The judgment is reversed and the case dismissed.

*Reversed and dismissed.*

[Opinion delivered June 10, 1885.]